Filed 11/3/25  P. v. Porter CA1/3
**[Redacted]**

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br>          Plaintiff and Respondent,<br>v.<br><br>STEVEN MARCUS PORTER,<br>          Defendant and Appellant. | A171899<br><br>(Contra Costa County<br>Super. Ct. No. 022401081)<br><br>**[REDACTED]** |

The trial court declared Steven Marcus Porter incompetent to stand trial and later issued an order authorizing the involuntary administration of medication.  (Pen. Code, §§ 1368, 1370, subd. (a)(2)(B); undesignated statutory references are to this code.)  He now argues his due process and equal protection rights were violated due to the lack of an evidentiary hearing.  We affirm.

### BACKGROUND

In August 2024, Porter was charged with attempted second degree robbery, and it was alleged he personally used a deadly weapon.  (§§ 211, 664, 12022, subd. (b)(1).)  After his attorney declared a doubt about Porter's competence, the trial court suspended the proceedings and appointed two medical professionals to evaluate his mental status and assess the need for the involuntary administration of medication.

**[REDACTED]**

1

At an October 2024 hearing, both parties submitted on the issue of competency, and the trial court found Porter incompetent to stand trial. It requested a recommendation for his placement to restore competency and scheduled a hearing to address placement; it also observed both psychologists recommended involuntary medication and indicated it would "take argument" at the commitment hearing.[1]

At a November 2024 hearing, defense counsel objected to the recommendation regarding placement, and the People submitted on it. The trial court ordered Porter committed to the State Department of State Hospitals. Turning to the issue of involuntary medication, and reiterating the psychologists' opinions, the court invited argument. Defense counsel argued Porter was voluntarily taking medication while in custody and objected "on due process grounds." She also objected that the psychologists' reports lacked a "sufficient basis . . . to make a finding for capacity and dangerousness." After the People submitted on the reports, the court concluded there was a sufficient basis to authorize the involuntary administration of antipsychotic medication as needed and it so ordered.

## DISCUSSION

Porter contends the trial court violated his right to due process by authorizing the involuntary administration of medication without an evidentiary hearing. No violation appears.

One has a protected liberty interest to be free from the involuntary administration of antipsychotic medication. (*Sell v. United States* (2003) 539 U.S. 166, 178; *In re Qawi* (2004) 32 Cal.4th 1, 14.) "Pretrial detainees" have the same right unless they are dangerous to themselves or others

---

[1] **[REDACTED]**

2

" 'and the treatment is in [their] medical interest.' " (*People v. Lewis* (2025) 111 Cal.App.5th 1078, 1089–1090; *Washington v. Harper* (1990) 494 U.S. 210, 227.) When a defendant has been found incompetent to stand trial, courts must make certain decisions, including hearing and determining "whether the defendant lacks capacity to make decisions regarding the administration of antipsychotic medication." (Former § 1370, subds. (a)(2)(B)–(C); *People v. Lameed* (2016) 247 Cal.App.4th 381, 395.) In doing so, the court must consider the opinions of psychologists or psychiatrists evaluating the defendant's competency. (§ 1370, subd. (a)(2)(B).)

At the outset, we note the language of section 1370 does not require an evidentiary hearing — instead it requires courts to review the opinions of the psychiatrist or psychologist. (§ 1370, subd. (a)(2)(B); *People v. Lewis*, *supra*, 111 Cal.App.5th at pp. 1091–1092.) Moreover, *Lewis* rejected the due process arguments Porter now advances. (*Lewis*, at pp. 1094–1101.) That said, under the facts of this case, we need not resolve whether denying a request for an evidentiary hearing would have violated due process. (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230 [appellate courts " ' "will not decide constitutional questions where other grounds are available and dispositive of the . . . case" ' "].)

At the October 2024 hearing, the trial court noted the psychologists opined Porter met the criteria for involuntary medication. The court scheduled a hearing to address placement and the psychologists' opinions. Porter did not object to the court's plan or ask to call witnesses or present evidence at the forthcoming hearing. At the November 2024 hearing, the court reiterated the psychologists' conclusions that "Porter meets criteria for involuntar[y] medication pursuant to 1370(a)(2)(B)," and it invited argument. Defense counsel said Porter was voluntarily taking medication and objected

3

"on due process grounds."[2] She also argued the reports lacked a sufficient basis to make a finding regarding capacity and dangerousness. She did not, however, ask to call any witnesses or present any evidence at the hearing; nor did she request a continuance so she could do so. Having heard the parties' arguments and considered the psychologists' opinions, the court concluded there was a sufficient basis to authorize the involuntary administration of medication. What it did *not* do was deny a request to call witnesses or present evidence at the hearing, nor did it suggest Porter lacked the right to call witnesses or present evidence. No due process violation appears.

Porter next contends his right to equal protection was violated. He notes the statutory procedures for authorizing involuntary medication differ depending on whether the order was issued prior to or after the individual's commitment to the State Department of State Hospitals. He argues that difference treats him in an unequal manner compared to a similarly situated group without adequate justification. But this argument founders for the same reason as the previous one — Porter was not denied an evidentiary hearing. Rather, he simply elected not to offer evidence, call any witnesses,

_____

[2] In his reply brief, Porter appears to argue his counsel's statement, "I would object on due process grounds," sufficiently put the trial court on notice regarding his desire to call witnesses or present evidence. We disagree. (See *People v. Jackson* (2016) 1 Cal.5th 269, 328.) His reply brief also asserts "any 'failure' to raise the issue can be cognizable as a claim of ineffective assistance of counsel." We do not address this argument because it is raised for the first time in the reply brief (*High Sierra Rural Alliance v. County of Plumas* (2018) 29 Cal.App.5th 102, 111, fn. 2), is not confined to the point in the heading (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1294), and is unaccompanied by meaningful legal analysis (*In re S.C.* (2006) 138 Cal.App.4th 396, 408).

or ask for a continuance so that he could do so.  Thus, he fails to establish a violation of equal protection.

## DISPOSITION

The order is affirmed.

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
TUCHER, P. J.


_____
PETROU, J.


A171899; *People v. Porter*